IN THE MATTER OF THE ADOPTION OF THE INFANT CHILD OF EDWARD E. THOMPSON AND FLORENCE DAY THOMPSON, JOHN ELLIS POPE (born Thompson). ROBERT C. POPE AND LUCILLE C. POPE, APPELLANTS.

No. 6236.   Decided February 18, 1941. (110 P. [2d] 370.)

Proceeding in the matter of petition by Robert C. Pope and another for adoption of John Ellis Pope, born Thompson, infant child of Edward E. Thompson and Florence Day Thompson.  From a decree dismissing the petition, the petioners appeal.

*Thatcher & Young* of Ogden for Appellants.

*Wayne Christopherson*, Special Asst. Atty. Gen., representing the State.

60

WOLFE, Justice.

This is an appeal from a decree of the District Court denying and dismissing the petition of Robert C. Pope and Lucille C. Pope for the adoption of an infant child of Edward E. Thompson and Florence Day Thompson. The controversy revolves about Finding No. 7 and the conclusions of law resting on it. Finding No. 7 reads as follows:

"the natural parents have not been specially authorized or required to assign, relinquish or otherwise transfer to petitioners their rights or duties with respect to the permanent care or custody of said child by any order or decree of this or any other court * * *."

The finding is based on a belief by the court that the amendment made by Chap. 16, Session Laws 1937, to Sec. 14-3-2, R. S. U. 1933, modified by implication the provisions of Chap. 4, Title 14, R. S. U. 1933. Put concretely, have the provisions in Chap. 4 regarding the necessity and manner of consent by the natural parents in adoption proceedings been amended or modified by the 1937 amendment to Sec. 14-3-2 so as to require court authorization before the natural parents can give their consent? The sole question presented is whether such is the case.

In the Revised Statues of Utah, 1933, Title 14 is devoted to "Child Welfare." Chapter 3 of that Title carries the heading "Placing Out of Children" and deals with the licensing and regulation of child placement agencies and with the placing of children in foster homes for care. Chapter 3 does not deal with the consummation of the legal process of adoption. Chapter 4 of Title 14, which of course immediately follows Chap. 3, is headed "Adoption" and deals with the forming of new legal ties between child and adult, the legal ties of parent and child. A mere reading of the statute discloses clearly the distinction between the subject matter of Chap. 3 and that of Chap. 4.

Chapter 16, Session Laws of Utah 1937 is denominated "Placing Out Of Children," exactly the heading used for Chap. 3, Title 14, R. S. U. 1933, and by its terms expressly

amends Sections 14-3-1, 14-3-2, 14-3-3, 14-3-4, and 14-3-5 of R. S. U. 1933, which are all of the sections within Chap. 3, Title 14, R. S. U. 1933. The portion of that chapter which it is claimed amends by implication Chap. 4 of Title 14 reads as follows:

"(c) No person shall hereafter assign, relinquish or otherwise transfer to another, other than a relative of the child within the second degree, his rights or duties with respect to the permanent care or custody of a child under sixteen years of age, unless specifically authorized or required so to do by an order or decree of court or unless the transfer is made to or by an agency licensed by the state department of public welfare to receive and place children as herein provided. Any attempted transfer or assignment written or otherwise made in violation of this section shall be null and void."

Nothing is said about adoption and none of the sections of of Chap. 4, Title 4, R. S. U. 1933, have not been amended or that Chap. 4 was amended by implication. The legislature deliberately chose to amend Chap. 3 and not to amend Chap. 4. The two chapters deal with distinct and separate subject matter, and it seems obvious that no alteration in the terms of Chap. 4 was intended. We hold, therefore, that the terms of Chap. 4, Title 14, R. S. U. 1933, have not been amended or altered by Chap. 16, Laws Utah 1937.

The other findings of fact of the lower court which have not been challenged show that, under the provisions of the statute, Robert C. Pope and Lucille C. Pope are entitled to a decree of adoption of John Ellis Pope (born Thompson), provided the court is "satisfied that the interests of the child will be promoted by the adoption."

The cause is reversed and remanded to the District Court with instructions to make findings of fact and conclusions of law in accordance with this opinion, and to enter a decree in conformity with said findings and conclusions.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.